RECEIVED
IN LAFAYETTE, LA.

AUG 0 1 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JOSEPH GARY AMOS | CIVIL ACTION NUMBER: 04-0968 |
| VERSUS | JUDGE REBECCA DOHERTY |
| COREY JACKSON, KARL BABIN, LAFAYETTE PARISH CONSOLIDATED GOVERNMENT, WILLOW LOUNGE, L.L.C., DARRYL FOSTER, AND SCOTTIE JAMES ALFRED | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL

Plaintiff has filed a Motion to Compel Defendant, Scottie Alfred to sign a medical authorization form and Social Security authorization form. He also seeks an Order overruling Scottie Alfred's and Darryl Foster's objection of ambiguity to Request for Admissions Numbers 1-4. Scottie Alfred and Darryl Foster oppose the Motion to Compel for the reasons set forth below:

### A. The medical and Social Security records authorization forms

On May 10, 2003, outside of The Willow Lounge in Lafayette, Louisiana, Mr. Amos was arrested by Officer Karl Babin and/or Officer Corey Jackson, officers with the Lafayette Police Department. The two Lafayette Police officers were serving as security officers for The Willow Lounge. Amos claims that he was unjustifiably beaten by the police officers during the course of the arrest. On that date, Scottie Alfred and Darryl Foster were employees of The Willow Lounge.

Plaintiff filed suit against Corey Jackson, Karl Babin, Lafayette Consolidated Government, The Willow Lounge, LLC, Darryl Foster and Scottie James Alfred. In his Petition for Damages he asserts claims against Scottie Alfred and Darryl Foster under Louisiana law, specifically Louisiana

Civil Code Articles 2315 and 2317 (See Plaintiff's Petition attached as Exhibit A) From Plaintiff's recently filed motions and memoranda in support thereof it is abundantly clear that he is vehemently pursuing his claim against the two officers and the Lafayette Parish Consolidated Government. There is no allegation nor a single fact in evidence which even suggests that any employee of The Willow Lounge was involved in the alleged beating or that The Willow Lounge was part of an effort to cover up wrongdoings on the part of the police department.

On May 2, 2006, Plaintiff took the deposition of Scottie Alfred. At the time of the deposition, counsel presented an authorization for the release of medical records and Social Security Administration records for Scottie Alfred to execute. After discussing the matter with Mr. Alfred after the deposition, Mr. Alfred declined to execute the releases. Undersigned counsel, on behalf of Scottie Alfred, advised Plaintiff through his attorney that Mr. Alfred was not willing to execute the releases. Subsequently Plaintiff propounded written discovery to The Willow Lounge, Alfred and Foster which included a request to execute the authorization forms. The discovery was answered and Alfred objected to the request to execute the authorization forms on the basis of privilege. (See discovery propounded to The Willow Lounge, Scottie Alfred and Darryl Foster and responses thereto attached as Exhibit B) Thereafter Plaintiff wrote to undersigned counsel addressing numerous responses. Undersigned counsel responded to that correspondence. (See correspondence attached as Exhibit C) In Plaintiff's correspondence of June 9, 2006, he states, "As you know, Mr. Alfred's medical condition and treatment is relevant for many reasons including his testimony as to his work schedule and his ability to write." In an effort to resolve this matter in Defendant's correspondence of June 16, 2006, it was explained why Defendant did not agree that Mr. Alfred's medical condition and treatment were relevant.

Because the claims against Scottie Alfred are made under state law, determining whether the medical records are privileged should be determined by state law. *Carole Hingle v. Board of Administrators of the Tulane Educational Fund*, 1995 U.S. Dist. LEXIS 18635; 5 *Am. Disabilities Cas. (BNA)* 206. Under Louisiana Code of Evidence art. 510(B)(1), in a non-criminal proceeding, a patient has a privilege to refuse to disclose and prevent another person from disclosing a confidential communication made for the purpose of advice, diagnosis or treatment of his health condition between or among himself or his representative, his healthcare provider, or their representative. None of the exceptions under (B)(2) apply in this instance.

It is clear from Plaintiff's Memorandum in Support of his Motion to Compel that the reason he seeks the privileged medical records and Social Security Administration records is for the purpose of impeaching the credibility of Mr. Alfred and ultimately the veracity of a statement that Mr. Alfred gave to the Lafayette police officers on the night of the accident. (A copy of the statement is attached as Exhibit D). Neither The Willow Lounge nor Scottie Alfred has pleaded any defense which brings Mr. Alfred's prior medical history into issue. The Request for Production was made to Mr. Alfred solely in his capacity as a witness to the accident, not in his capacity as a defendant in the lawsuit. Not only has Mr. Alfred done nothing to waive the privilege but as can be seen from plaintiff's Memorandum in Support of his Motion to Compel, he can impeach the witness with his own testimony without violating his privacy rights.

Plaintiff claims that he is entitled to the information sought in the medical and Social Security authorization forms as these are basic authorizations that are routinely exchanged during civil litigation. These are the basic authorizations that are routinely exchanged during civil litigation but only to the extent that they are used for the purpose of obtaining medical records of a plaintiff

who has put his medical condition at issue. It is not customary to seek the medical records of a witness to impeach his testimony. Accordingly, the infringement of Mr. Alfred's privacy is not warranted in this case and the Motion to Compel him to execute the releases should be denied.

**B.     The objection regarding Requests for Admission Numbers 1-4 propounded to Scottie Alfred and Darryl Foster**

Plaintiff seeks to have the Court strike the objection that Request Numbers 1-4 to Scottie Alfred and Darryl Foster are ambiguous on the basis that each request is clearly plain and unambiguous. The Requests for Admission speak for themselves and are indeed ambiguous in several respects. Request for Admission No. 1 asks Scottie Alfred and Darryl Foster, respectively, to admit or deny that Officer Jackson "punched" Mr. Gary Amos. The request does not define "punch", does not state a time, a location or under what circumstances Officer Jackson allegedly punched Mr. Amos, and the lack of that information makes the request ambiguous. To further create ambiguity, Plaintiff asks these defendants to admit or deny statements they cannot possibly answer. It is obvious that no one other than Officer Jackson can admit or deny that he punched Gary Amos. The defendants can only admit or deny that they saw Officer Jackson punch or heard that Officer Jackson punched Gary Amos. Despite the valid objection to Request for Admission No. 1, Defendants did answer in the only way they could, which was based on what they saw.

The same is true for the Requests for Admission 2-4 and the objection should be allowed to stand for the purpose for which it was made, which was simply to explain why the defendants could not admit or deny the request as written. As the Court will no doubt agree, when an answer is made subject to an objection, the objection does not give license to respond in any less accurate manner than if there was no objection and the insinuation that the responses may not be accurate is

unwarranted.

Defendants point out to the Court that one of the defendants, Scottie Alfred was deposed by Plaintiff previous to being served with the Request for Admission and Plaintiff already had his testimony regarding what he saw. Plaintiff has a statement from Darryl Foster, also stating what he saw. Plaintiff has propounded voluminous discovery to these defendants, all of which has been answered in the spirit of full cooperation. Plaintiff is well aware that the Court ruled in favor of The Willow Lounge's insurer finding there was no coverage for this claim and accordingly there is no insurance company provided defense. The written discovery propounded to these defendants is unduly burdensome in relation to any purpose it could serve. The Motion to Overrule the Objection to Requests for Admission Numbers 1- 4 serves no purpose and it should be denied.

                Respectfully submitted:

                **VOORHIES & LABBÉ**
                (A Professional Law Corporation)

                _____
                MARY M. HAMILTON (#20768)
                Post Office Box 3527
                700 St. John Street
                Lafayette, Louisiana 70502-3527
                Telephone: (337) 232-9700
                **Attorney for The Willow Lounge,**
                **Scottie Alfred and Darryl Foster**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing has this day been forwarded to all known counsel of record by either electronic transmission, fax or depositing same in the United States mail, postage prepaid and properly addressed.

Lafayette, Louisiana, this __31__ day of __July__, 2006.

*[signature]*
MARY M. HAMILTON

#348688

| | | |
|---|---|---|
| H. Edwin McGlasson, Jr.<br>W. Gerald Gaudet‡<br>Richard D. Chappuis, Jr.<br>William M. Bass<br>John Nickerson Chappuis<br>Robert L. Ellender<br>Cyd Sheree Page<br>Robert M. Francez<br>Lamont P. Domingue<br>Mary McCrory Hamilton<br>Julie A. Scheib<br>Simone C. Dupré<br>Gary G. Osborne, Jr.<br>Hoai T. Hoang<br>Elisabeth Kraft Cortez<br>Laura E. Kraemer | **Voorhies &<br>Labbé**<br>Professional Law Corporation<br>Est.1924<br><br>700 St. John Street, 4th Floor<br>P. O. Box 3527<br>Lafayette, LA 70502<br>Phone: 337.232.9700<br>Fax: 337.235.4943<br><br>www.volalaw.com | Monroe Office<br>1900 North 18th Street<br>Suite 801<br>Monroe, LA 71201<br>Phone: 318.325.6444<br>Fax: 318.323.7518<br><br>Of Counsel<br>John W. Hutchison<br>Elizabeth L. Guglielmo†‡<br><br>Bennett J. Voorhies (1901-1970)<br>Donald Labbé (1900-1966)<br>D. Mark Bienvenu (1931-1991)<br>Robert A. Lecky (1940-1998)<br><br>‡Admitted to Practice in Texas<br>†Admitted to Practice in Georgia |

July 31, 2006

Writer's Email: mmh@volalaw.com

Ms. Catherine Bacon
Deputy Clerk-in-Charge
USDC - WD
Lafayette-Opelousas Division
211 John M. Shaw U. S. Courthouse
800 Lafayette Street
Lafayette, LA 70501

Re:   Joseph Gary Amos v. Corey Jackson, Karl Babin, Lafayette Parish Consolidated Government,
      Willow Lounge, LLC, Darryl Foster, and Scottie James Alfred
      Civil Action Number: 04-0968
      Judge Doherty/Magistrate Judge Methvin

Dear Ms. Bacon:

Enclosed please find and original and one copy of Scottie Alfred's and Darryl Foster's Memorandum in Opposition to Motion to Compel. Please file the original in the record of the above-referenced matter and thereafter, please return the conformed copy to me.

By copy of this correspondence, I am forwarding a copy of the referenced pleading to the Honorable Mildred Methvin and to all counsel of record.

With kind regards, I am

Very truly yours,

*[signature]*

**MARY M. HAMILTON**
MMH/bs349016
Enclosures
cc:   Honorable Mildred Methvin
      Mr. J. Christian Lewis
      Mr. Philip E. Roberts