UNITED STATES DISTRICT COURT
WESTER DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **JOSEPH GARY AMOS** | : | **CIVIL ACTION NO.: CV 04 0968** |
| **VERSUS** | : | **JUDGE REBECCA F. DOHERTY** |
| **LAFAYETTE CONSOLIDATED GOVERNMENT, et al** | : | **MAGISTRATE MILDRED METHVIN** |

**MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

MAY IT PLEASE THE COURT:

This is a suit filed by **JOSEPH GARY AMOS** to recover damages arising out of his arrest by two Lafayette Police Officers on or about May 10, 2003. Specifically, Mr. Amos has asserted a federal law claim against **LAFAYETTE CONSOLIDATED GOVERNMENT** under 42 USC, Section 1983, and numerous state law claims. False arrest and the use of excessive force are among the claims asserted by Mr. Amos. Both defendant police officers deny the use of excessive force and they have testified that Mr. Amos was injured when he attempted to flee while in handcuffs and was tackled, landing on his face. The officers' description of what occurred has been corroborated by two eyewitnesses. In addition, one of the plaintiff's own treating physicians has testified that the plaintiff's condition is consistent with the mechanism of injury reported by the police officers and the two eyewitnesses.

The Court is familiar with the discovery issues in this case having, on June 16, 2006, issued a ruling on the plaintiff's first motion to compel discovery, granting virtually all of the relief requested in plaintiff's motion. Defendants' have resisted plaintiff discovery on the basis that much

of the information sought was irrelevant, private, privileged, confidential and should be subject to an *in camera* inspection prior to disclosure. The identical issues are presented by plaintiff's current motion.

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION No. 1

In this portion of his motion, plaintiff seeks the production of a witness statement that was taken as a part of the Internal Affairs (IA) investigation of plaintiff's arrest and was initially withheld at the request of the witness. The statement of Shannon Sam was the only statement taken during the IA investigation that was initially withheld. As counsel for plaintiff quotes this statement on pages 1-2 of his Memorandum in support of this very motion, it is obvious that the statement he seeks has been provided. Despite this reference to the statement, plaintiff still seeks to compel production of a statement already in his possession. This portion of plaintiff's motion is clearly frivolous and without merit.

Attached hereto as Exhibit "A" is copy of the Table of Content of the IA record that was produced to plaintiff on January 13th 2006. If plaintiff can identify any statement in the Table of Content he claims he has been denied, it will be promptly produced. Otherwise, no other statements from the IA investigation are in existence.

### PLAINTIFF'S FOURTH REQUESTS FOR PRODUCTION Nos. 1-10

Plaintiff's Request No. 1 seeks all documents relating to findings by the defendants that excessive force was used by a police officer against a person, "for the past ten years from the date of this request through the date of trial." Request No. 2 seeks documentation of the discipline imposed on each officer found to have used excessive force during the same period of time.

Requests Nos. 3-10 seek production of records regarding defendant's investigation of excessive complaints involving specific complainants, some of which involve complaints *after* plaintiff's arrest (Requests Nos. 3, 4 and 8) and at least one of which arose more than five years before plaintiff's arrest (Request No. 10).

In this court's June 16, 2006, ruling, the plaintiff's requests for such documents were limited to a five year period *before* plaintiff's arrest. That ruling is presently under appeal to the District Judge. Defendants request that at a minimum, the same time limitations be imposed in the court's ruling on this motion. However, defendants urge the court to deny plaintiff's current motion or to limit the production of records regarding complaints of excessive force even further than the five year period contained in the court's June 16, 2006 ruling.

The law applicable to such requests was recently set forth in *Garrison v. Jefferson Parish Sheriff's Office*, No. 05-338, 2005 U.S. Dist. LEXIS 36583, (E.D. La. October 20, 2005) as follows:

> Discovery of police investigative files is subject to a qualified privilege recognized both in federal common law and under Louisiana state law. *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991)."To determine whether this qualified privilege bars discovery of given documents, the trial court should consider the ten factors articulated in *Frankenhauser v. Rizzo* in balancing the government's interest in confidentiality against the litigant's need for the documents." Id. at 1160.
> In *Frankenhauser,* 59 F.R.D. 339, 344 (E.D. Pa. 1973), the court identified those ten factors as: "(1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information

sought to the plaintiff's case."

Because the plaintiff's requests seek the public disclosure of the identities of non-party police officers who may have been unjustly accused of using excessive force as well as the identities of complaining citizens who may wish to protect their privacy, the *Frankenhauser* factors clearly dictate that plaintiff's discovery requests be denied. There is no doubt that disclosing the identities of citizens who have made past complaints against the Police Department and subjecting them to giving recorded statements or depositions in this case will have a chilling affect on individuals who might consider making such complaints in the future.

Further, the production of records excessive force complaints for a five year period is overly broad. Attached hereto as Exhibit B, is list of excessive force complaints made against all Lafayette Police Officers during the period of 2000-2005. This document shows that during the period of 2000-2002, (three years before plaintiffs arrest) there were sixty-three excessive force complaints filed but none of those were sustained. Likewise, Exhibit C attached hereto is a redacted claims history report from the defendant's Risk Management Division that shows that during the period of 2001 through March 2003, there only 9 civil claims filed involving allegations of injury during arrests and two of those were settled, four were dismissed by the court that considered them and three remain open.

What is apparent from a review of these reports is that the the plaintiff has requested the production of dozens of complaint records that were determined by an Internal Affairs investigation to be unsupported as well as several records that were determined by a court to be without merit. If the purpose of plaintiff's review of these files is to determine whether the Lafayette Police

Department had inadequate training or policies regarding the use of excessive force, it is difficult to conceive how records of complaints determined to be without merit would accomplish that objective.

Accordingly, defendants request that the plaintiff's requests are to be granted, that the requests be limited as follows:

1) Limit the production of excessive force complaint records to a three-year period proceeding plaintiff's arrest;

2) Limit the production to only those complaints in which:

   a) The complaint was sustained by an Internal Affairs investigation; or

   b) A civil claim for damages was made that was either settled or remains open.

3) An *in camera* inspection be conducted of the records meeting the criteria listed in items 1 and 2 above to determine whether the records should be produced in accordance with the criteria set forth in *Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D. Pa. 1973).

Defendants respectfully request that this gatekeeping function be performed in order to properly limit the scope of discovery in this case and protect the identities of innocent non-parties.

## Conclusion

For the reasons stated above, defendants request that the plaintiffs' Motion to Compel Discovery be denied. Altenatively, should the Court determine that some of the information sought by plaintiff may be discoverable, defendants request that the Court conduct an *in camera* inspection of the documentation prior to ordering a further disclosure in this case.

       Respectfully Submitted:

       ROY, BIVINS, JUDICE, ROBERTS & WARTELLE

       s/Philip E. Roberts

       PHILIP E. ROBERTS (#1130)
       P. O. Drawer Z
       Lafayette, LA 70502
       (337) 233-7430
       Attorney for **LAFAYETTE CONSOLIDATED GOVERNMENT**, **KARL BABIN and COREY JACKSON**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of  August , 2006  a copy of the foregoing **MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY** were filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to James C Lewis, Glenn John Armentor, W Gerald Gaudet and Mary Hamilton by operation of the court's electronic filing system.

       s/Philip E. Roberts
       PHILIP E. ROBERTS