RECEIVED
SEP 1 3 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

JOSEPH GARY AMOS            DOCKET NO. 04-0968

VS.            JUDGE DOHERTY

COREY JACKSON, Individually and            MAGISTRATE JUDGE METHVIN
in his capacity as police officer
KARL BABIN, Individually and in his capacity
as police officer for City of Lafayette
WILLOW LOUNGE, LLC
DARRYL FOSTER
SCOTTIE JAMES ALFRED
CONSOLIDATED GOVERNMENT OF LAFAYETTE PARISH

## RULING ON MOTION TO COMPEL
*(Rec. Doc. 69)*

Before the court is a motion to compel filed by plaintiff, Joseph Gary Amos seeking discovery responses from defendant Scottie Alfred ("Alfred"). Plaintiff also seeks an order overruling Alfred and Darryl Foster's objections to plaintiff's requests for admissions. Defendants opposes the motion.[1]

### *Background*

Plaintiff alleges as follows: On May 10, 2003, he was a patron of the Willow Lounge in Lafayette. Defendants Alfred and Foster were employees of the lounge and were responsible for maintaining order and providing security for the lounge patrons. Defendants Corey Jackson and Karl Babin were present and acting in the course of their duties as police officers. Defendants Jackson and Babin asked plaintiff to exit the building. Once he was outside, he was asked to leave the premises, but when he turned to leave, defendant Babin pushed him to the pavement.

---

[1] Rec. Doc. 73.

Defendants Jackson and Babin handcuffed plaintiff, brought him near their police car, and defendant Jackson punched plaintiff in the face and slammed him back to the pavement.

Plaintiff further maintains that while he was being abused, defendants Alfred and Foster did not attempt to assist him or otherwise provide for his safety. The Complaint also alleges that after the incident, Foster and Alfred "gave malicious and false verbal and written statements to defendant Babin in formal police statements" and "falsely allege[d] no wrongdoing on the part of the officers and that Mr. Amos provoked and resisted the officers."[2]

## *Legal Analysis*

Plaintiff seeks an order requiring Alfred to execute a medical authorization form and Social Security authorization form. Additionally, plaintiff seeks an order overruling objections lodged by Alfred and Foster in response to requests for admissions.

### *Request for production of authorization forms*

On May 2, 2006, plaintiff deposed defendant Scottie Alfred and asked him to sign a medical authorization form and Social Security authorization form. Alfred refused and plaintiff subsequently propounded written discovery requests for the authorization forms. Alfred objected to the requests.

Plaintiff maintains that information regarding Alfred's medical condition is necessary to impeach his credibility. Plaintiff argues that: Alfred signed a statement supporting the police officers' version of events and that the "statement asserts that it was written by Officer Babin

---

[2] Rec. Doc. 1.

because 'he [Mr. Alfred] advised he could not write.'"[3] In June, 2004, Alfred testified in the criminal proceedings against plaintiff that he could read and write, but that he did not write the statement given to police because of an injury to his hand from a three wheeler accident. During his deposition in May, 2006, Alfred testified that cannot read and write, and that although he had an accident in 2001, he injured his head and legs, but not his hands. Alfred testified that he applied for social security benefits because of his injuries. Alfred also testified that he was unable to remember things about plaintiff's incident because his head injury caused him to forget things. Because of the conflicting testimony, plaintiff argues that he is entitled to obtain Alfred's medical and Social Security records because the information is relevant to his credibility and whether he has memory lapses.

Alfred maintains that his medical and Social Security records are not relevant to plaintiff's claims against him, but instead that plaintiff seeks the records to impeach his credibility as a witness to the incident. Alfred also argues that the information sought is privileged under Louisiana Code of Evidence Article 510(B)(1), which protects medical information from disclosure in civil proceedings except in limited situations.

Fed. R. Civ. P. 26(b)(1), provides:

> Parties may obtain discovery regarding any matter, not privileged, that is *relevant to the claim or defense of any party* including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For *good cause*, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).[4]

---

[3] Rec. Doc. 69-3, p. 2 unnumbered.

[4] Limitations on the scope of discovery may be imposed when: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the

Plaintiff seeks discovery of Alfred's medical and Social Security records in order to impeach Alfred. The information does not relate to plaintiff's claims against Alfred, which involve allegations that Alfred failed to provide for plaintiff's safety at the time of the incident, and that after the incident Alfred gave malicious and false statements to the police. Likewise, Alfred has not raised any defenses which might bring his medical and Social Security records into question. Thus, Alfred's medical condition and Social Security records are not at issue in this matter and are irrelevant to the case. Moreover, it is clear from plaintiff's motion, as as Alfred's brief, that plaintiff "can impeach the witness with his own testimony."[5] Thus, plaintiff will not be prejudiced by the inability to obtain the information. Considering the foregoing, the undersigned concludes that plaintiff's requests for production of documents seeks information that is not discoverable.

*Requests for admissions*

Plaintiff propounded requests for admissions on defendants Alfred and Foster and defendants objected to four of the requests based on ambiguity:[6]

**Request for Admission No. 1**: Officer Jackson punched Mr. Gary Amos.

**Response to Request for Admission No. 1**: Responding defendant objects to Request for Admission No. 1 on the basis that the request is ambiguous. Subject to the objection, [defendant] can neither admit or deny Request for Admission No. 1 but denies that he saw Officer Jackson punch Mr. Gary Amos.

---

information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R Civ. P. 26(b)(2). A party may object to an interrogatory by stating the objection with specificity.

[5] Rec. Doc. 73 at p. 3.

[6] Identical requests and responses were exchanged between plaintiff and Alfred and Foster.

**Request for Admission No. 2**: Officer Babin pushed Mr. Gary Amos.

**Response to Request for Admission No. 2**: Responding defendant objects to Request for Admission No. 2 on the basis that the request is ambiguous. Subject to the objection, [defendant] can neither admit or deny Request for Admission No. 2 but denies that he saw Officer Babin push Mr. Gary Amos.

**Request for Admission No. 3**: Officer Jackson punched Mr. Gary Amos while he was handcuffed.

**Response to Request for Admission No. 3**: Responding defendant objects to Request for Admission No. 3 on the basis that the request is ambiguous. Subject to the objection, [defendant] can neither admit or deny Request for Admission No. 3 but denies that he saw Officer Jackson punch Mr. Gary Amos while he was handcuffed.

**Request for Admission No. 4**: Officer Jackson threw Mr. Gary Amos down to the ground.

**Response to Request for Admission No. 4**: Responding defendant objects to Request for Admission No. 4 on the basis that the request is ambiguous. Subject to the objection, [defendant] can neither admit or deny Request for Admission No. 4 but denies that he saw Officer Jackson throw Mr. Gary Amos down to the ground.

Federal Rules of Civil Procedure Rule 36 governs requests for admissions and provides, in pertinent part:

> *** If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder.

Plaintiff maintains that defendants' objections are "plainly frivolous" because the requests are plain and unambiguous. Defendants Alfred and Foster argue:

> It is obvious that no one other than Officer Jackson can admit or deny that he punched Gary Amos. The defendants can only admit or deny that they saw Officer Jackson punch or heard that Officer Jackson punched Gary Amos.

Despite the valid objection to Request for Admission No. 1, Defendants did answer in the only way they could, which was based on what they saw.[7]

Defendants were only required to answer to the best of their knowledge, which in this instance meant what they had seen. Considering that defendants objected to the request but went onto answer the request to the best of their knowledge, the undersigned concludes that defendants have sufficiently responded to the requests for admissions. Thus, plaintiff's motion to overrule the objections is denied.

### *Conclusion*

Considering the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel responses to the requests for production of documents is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to overrule defendants' objections to requests for admissions is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall fax and mail a copy of this ruling to all counsel of record.

Signed at Lafayette, Louisiana on September 13, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[7] Rec. Doc. 73, p. 4.