RECEIVED
OCT 2 5 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JOSEPH GARY AMOS | CIVIL ACTION NUMBER: 04-CV0968 |
| VERSUS | JUDGE DOHERTY |
| COREY JACKSON, ET AL | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM RULING

Pending before the Court is an Appeal by defendants, Lafayette Consolidated Government, Karl Babin and Corey Jackson, of the Magistrate Judge's Ruling [Doc. 65] granting in part and denying in part plaintiff's Motion to Compel Discovery. For the following reasons, the Court affirms the Magistrate Judge's ruling, except as noted below.

### I. BACKGROUND

Plaintiff filed suit to recover damages arising out of his arrest by two Lafayette Police Officers on or about May 10, 2003. Specifically, plaintiff has asserted claims against the above named defendants pursuant to 42 U.S.C. §§1983, 1988, and Louisiana Civil Code articles 2315 and 2317.[1] During discovery plaintiff propounded interrogatories and requests for production of documents to defendants. Plaintiff filed a Motion to Compel Discovery with the Magistrate Judge arguing additional responses from defendants were warranted as to some of the requests to which defendants had raised objections. The Magistrate granted in part and denied in part plaintiff's Motion to Compel.

---

[1] Plaintiff also named Willow Lounge, LLC, Darryl Foster and Scottie James Alfred as defendants, asserting the same claims listed above. These defendants are not parties to this appeal.

## II. DISCUSSION

### A. Standard of Review

With some exceptions inapplicable for purposes of this motion, a magistrate judge may hear and determine any pre-trial matter pending before a district court. 28 U.S.C. §636(b)(1). Federal law affords the magistrate judge broad discretion in the resolution of non-dispositive matters. See Fed. R. Civ. P.72(a). With regard to a non-dispositive matter, a district court will reverse a magistrate judge's ruling only if the party challenging the decision demonstrates that the magistrate's determination was clearly erroneous or contrary to law. Id; Castillo v. Frank, 70 F.3d, 382, 385-86 (5th Cir. 1995).

### B. Requested Discovery In Dispute

#### 1. Requests for Production Nos. 9 and 15

In Requests for Production Nos. 9 and 15, plaintiff seeks production of documents used in defendants' investigation into the background and criminal history of plaintiff and his witnesses. Defendants object to providing a copy of their retained investigator's report on grounds of qualified work-product immunity. Plaintiff essentially conceded before the Magistrate the investigative report itself is not discoverable, but modified his request to seek only the documents obtained by the investigator which he presumably used to generate his report, i.e., criminal records and arrest reports of plaintiff and his witnesses.

The Magistrate ruled defendants had not asserted work-product immunity as to the underlying documents, nor did they make a showing that production of these documents would be burdensome or improper for any other reason. Further, the Magistrate ruled the documents do not contain the mental impressions of defendants' counsel or investigator, and thus, the underlying

records used by the investigator in rendering his report are discoverable.

Defendants argue in this appeal they are not in possession of the documents (or copies thereof) used by the investigator, and further, the documents are public records equally available to plaintiff. Defendant additionally argues "it is well settled that 'discovery need not be required of documents of public record which are equally accessible to all parties,'" citing a ruling from a District Court in New York in support of their argument.

This Court is bound by decisions rendered by the Fifth Circuit, not district court's of the Western District of New York, and therefore, without Fifth Circuit jurisprudence, the Court does not consider the law to be "well-settled." Defendants have thus failed to carry their burden of proof on this issue. The Court finds the Magistrate's ruling was not clearly erroneous or contrary to the law. If the documents are not in defendants' possession, they can easily ask their investigator to provide the documents on which he relied in rendering his report to defendants. As such, the Ruling of the Magistrate with respect to Requests for Production Nos. 9 and 10 is UPHELD.

### 2. Interrogatories Nos. 10 and 14 and Requests for Production Nos. 14, 19 and 20

In these discovery requests plaintiff seeks production of complete personnel files, internal investigation files, complaints, and disciplinary records maintained on all defendants, as well as all complaints of excessive force by other officers not involved in this matter for a ten year period prior to plaintiff's incident (May 10, 2003). Defendants objected on the basis that the requests were overly broad and sought irrelevant information, and argued the Motion to Compel should be denied based upon the principles of confidentiality and privacy. In the alternative, defendant requested the Court review the documents *in camera*.

The Magistrate ruled the documents requested "contain information regarding the defendants and other officers prior incidents of excessive force, if any, and may lead to discovery of information regarding any possible pattern of conduct, and/or whether the Consolidated Government of Lafayette had prior notice of the defendants' and other officers alleged propensities for use of excessive force." [Doc. 65, p. 6] The Magistrate concluded the interest of plaintiff in obtaining this relevant information outweighed the privacy interest asserted by defendants on behalf of themselves and others. The Magistrate further ruled precluding plaintiff from obtaining this information would impede plaintiff's ability to prove his claim defendants had a pattern of using excessive force, and the Consolidated Government of Lafayette had an inadequate policy or inadequately supervised or trained its officers concerning the use of force. However, the Magistrate ordered entry of a confidentiality order restricting access of the files to the attorneys and parties for the purposes of this litigation only. Additionally, the Magistrate concluded the time period requested, ten years, was overly broad and ordered the requested information be produced for a five year period prior to the date of the incident.

Defendants argue while the Magistrate correctly recognized <u>Coughlin v. Lee</u>, 946 F.2d 1152 (5th Cir. 1991) as the controlling authority on this issue, the Magistrate failed to comply with <u>Coughlin</u> by not reviewing the disputed documents prior to ruling they are discoverable.[2] Defendants

---

[2] In <u>Coughlin v. Lee</u>, the 5th Circuit noted:

Federal common law recognizes a qualified privilege protecting investigative files in an ongoing criminal investigation or information which would reveal the identity of confidential informants, although if all information indicating the identity of an informant can be eliminated by excision, the document is discoverable. Louisiana law creates a similar privilege. To determine whether this qualified privilege bars discovery of giving documents, the trial court should consider the ten factors articulated in <u>Frankenhauser v. Risso</u>, [59 F.R.D. 339 (E.D. Pa. 1973)] in balancing the government's interest and confidentiality against the litigant's need for the documents.

additionally object on the basis that the production of records for a five year period is overly broad.

As Coughlin points out, "federal common law recognizes a qualified privilege protecting investigative files in an ongoing criminal investigation or information which would reveal the identity of confidential informants, although if all information indicating the identity of an informant can be eliminated by excision, the document is discoverable." Id. at 1159-1160. Coughlin does not mandate an *in camera* inspection as defendants suggest, but rather provides several options, one of which the Magistrate employed in this matter – a balancing of competing interests. The Court finds the Magistrate's ruling was not clearly erroneous or contrary to law. However, the Court modifies the Magistrate's ruling to the following extent: The Lafayette Consolidated Government is to identify all files requested for a five year period prior to the date of the incident. Any documents within the files defendants claim are privileged or subject to protection as trial preparation material may be withheld, but defendants are to identify the withheld documents in a privilege log which conforms with Federal Rule of Civil Procedure 26(b)(5). In addition to the requirements set forth in Rule 26(b)(5), defendants are to provide the Magistrate with an analysis of the **ten** Frankenhauser factors with respect to each document identified in the privilege log. Thereafter, plaintiff may request an

---

The factors articulated in Frankenhauser are:

(1) the extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information; (2) the impact upon persons who have given information of having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent program improvement will be chilled by disclosure; (4) whether the information sought is factual data or evaluative summary; (5) whether the parties seeking the discovery is an actual or potential defendant in any criminal proceeding, either pending or reasonably likely to follow from the incident in question; (6) whether the police investigation has been completed; (7) whether any intra departmental disciplinary proceedings have arisen or may arise from the investigation; (8) whether the plaintiffs suit is non-frivolous and brought in good faith; (9) whether the information sought is available through other discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case. Frankenhauser at 344

*in camera* review and determination of discoverability of any documents he maintains are discoverable. The Magistrate's ruling, including the confidentiality order, is UPHELD, subject to the modifications noted above.

### 3. Interrogatory No. 11

In this Interrogatory, plaintiff seeks information concerning any "physical altercation in which Corey Jackson or Karl Babin have been involved in as a law enforcement officer in which either have struck and/or delivered a blow by use of their hands or otherwise." Defendants argue the Lafayette Police Department does not keep a record of each physical altercation, and it is likely Officers Babin and Jackson have been involved in numerous altercations as officers are often required to use physical force in order to accomplish an arrest.

The Magistrate concluded the interrogatory was overly broad and unduly burdensome, as it would require defendants to review every arrest report involving Officers Jackson and Babin. However, the Magistrate ruled the information is relevant to plaintiff's claims and therefore ordered defendants to provide the requested information for a two year period prior to the date of the incident. The Court finds the Magistrate's ruling was not clearly erroneous or contrary to law, as the requested information "appears reasonably calculated to lead to the discovery of admissible evidence," F.R.C.P. 26(b)(1)), which could support plaintiff's claims against the defendant officers, as well as plaintiff's claim the Lafayette Parish Consolidated Government inadequately supervised and/or trained its officers. As such, the Magistrate's Ruling on this issue is UPHELD.

### 4. Plaintiff's Second Request for Request for Production No. 1

Plaintiff seeks production of a copy of the City of Lafayette Police Department's General Orders which were in effect on May 10, 2003. Defendants argue the request is overly broad and

seeks irrelevant and sensitive security information. The Magistrate ruled the information is relevant to plaintiff's claim that the Lafayette Parish Consolidated Government failed to properly train its officers or had a policy or custom giving rise to plaintiff's claims of excessive force. The Magistrate ruled that entry of a confidentiality order will prevent public disclosure of the security information. The Magistrate's ruling is not clearly erroneous or contrary to law, and as such it is UPHELD.

## CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Magistrate Judge's ruling in all respects, but modifies the process of review for discoverability for Interrogatories Nos. 10 and 14 and Requests for Production Nos. 14, 19 and 20.

THUS DONE AND SIGNED this ___ day of October, 2006.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE