RECEIVED

JAN 0 5 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTER DISTRICT OF LOUISIANA**
**LAFAYETTE-OPELOUSAS DIVISION**

| | | |
|---|---|---|
| **JOSEPH GARY AMOS** | : | **CIVIL ACTION NO.: CV 04 0968** |
| **VERSUS** | : | **JUDGE REBECCA F. DOHERTY** |
| **LAFAYETTE CONSOLIDATED GOVERNMENT, et al** | : | **MAGISTRATE MILDRED METHVIN** |

## SECOND STIPULATED CONFIDENTIALITY ORDER

Pursuant to the October 25, 2006, Memorandum Ruling of the Court, as revised in a telephone conference with counsel on December 11, 2006, Plaintiff, **JOSEPH GARY AMOS** and defendants, **LAFAYETTE CONSOLIDATED GOVERNMENT, KARL BABIN, COREY JACKSON, THE WILLOW LOUNGE LLC, DARRYL FOSTER** and **SCOTTIE JAMES ALFRED,** hereby stipulate and agree to the entry of the following Stipulated Confidentiality Order:

1.

Pursuant to the ruling of this Court, defendant, Lafayette Consolidated Government is producing the personnel files and Karl Babin and Corey Jackson and excessive force complaint files identified in its supplemental response to Request for Production 14. This Confidentiality Order shall govern the use and dissemination by any person of the documents/information contained in these responses, said excessive force complaint files being listed in Exhibit A, attached hereto.

2.

The above described Confidential Documents, including Exhibit A attached hereto, and all information derived therefrom, such as extracts, summaries, memorandum, and correspondence

quoting from them (collectively referred to herein as "Confidential Materials"), may be used only in accordance with the provisions of this Confidentiality Order. The parties and their counsel shall not use the Confidential Documents or any Confidential Materials for any purpose other than in connection with the present action. The parties and their counsel should take appropriate measures and shall prevent any unauthorized disclosure or use of the Confidential Documents and/or any Confidential Materials.

3.

Except as provided in paragraph 8 below and as the Court may otherwise expressly direct, and subject to the provisions contained herein, the Confidential Documents and/or any Confidential Materials may only be disclosed to the following persons:

   a.    The attorneys for each party actively engaged in this litigation as listed as a signatory on this Confidentiality Order;

   b.    Outside experts, retained for testimony in this case;

   c.    The Court and court personnel, including court reporters;

   d.    The plaintiff, Joseph Gary Amos.

In addition, counsel for plaintiff may contact the complainant in each of the cases in which the complaint file is produced.

4.

Prior to the disclosure of Confidential Documents or Confidential Materials to any person described in Section b. of paragraph 3, counsel who intends to make such disclosure shall first provide such person with a copy of this Order and shall cause him/her to execute, on a second copy the following acknowledgment:

"I understand that I am being given access to Confidential Documents pursuant to the foregoing Order, I have read the Order and agree to be bound by its terms with respect to the handling of such Confidential Documents and/or Confidential Materials.

Date:_____          _____

                                                              (Signature)"

Counsel for the party retaining such expert shall maintain the original acknowledgment of such person during the pendency of this action and shall provide a copy to undersigned counsel for Lafayette Consolidated Government within seven days of signing.

5.

Within thirty days of the conclusion of this litigation by final judgment or settlement, the Confidential Documents and/or Confidential Materials, and all copies thereof, shall be returned to Lafayette Consolidated Government and counsel who has received the documents shall certify in writing to counsel for Lafayette Consolidated Government that all copies and abstracts of the Confidential Documents and/or Confidential Materials (including any copies that may have been given to outside experts or to court personnel) have been returned.

6.

If any Confidential Document or Confidential Material are used as deposition exhibit, such exhibit shall be filed under seal. If testimony respecting the Confidential Documents or Confidential Materials is elicited during a deposition, counsel for any party may designate the deposition testimony and transcript as Confidential Materials. The use and disclosure of deposition testimony designated as Confidential Materials shall be subject to all of the limitations and requirements set forth in this Order.

7.

The Confidential Documents and/or Confidential Materials may be offered in evidence at the trial of this matter. If any of Confidential Documents and/or Confidential Materials are admitted into evidence, they shall be filed under seal and may be disclosed to other witnesses and/or jurors only as directed by the Court.   If, prior to the trial of this matter, the Confidential Documents and/or Confidential Materials are filed with the court in connection with a motion or otherwise, they shall be filed under seal.

8.

In the event that the parties or their counsel desire to provide access to Confidential Documents and/or Confidential Materials to any person or category of persons not included in paragraph 3, they may, if agreed modification is not made, move this court for an order that such person or category of persons may be given access to the Confidential Documents and/or Confidential Materials. In the event that the motion is granted, such person or category of persons may have access to the Confidential Documents And/or Confidential Materials provided that such person or persons have agreed in writing, before such access is given, to be bound by the terms of this order including a prohibition against further use or disclosure of such information.

9.

Nothing contained in this order nor any action taken in compliance with it shall:(a) operate as an admission by any party that a particular Confidential Document or Confidential Material is or is not either confidential or admissible into evidence in this action; or (b) prejudice in any way of the right of any party to seek by way of consent of all parties or by application to the court, (i) to have information not covered by this Confidentiality Order treated as Confidential Documents

or Confidential Materials within the meaning of this Confidentiality Order,(ii) additional protection for specific Confidential Documents or Confidential Materials; (iii) relief from the provisions of this Confidentiality Order with respect to specific materials or categories of Confidential Documents or Confidential Materials.

10.

This Confidentiality Order will not prevent any of the parties from applying to the court for relief from the order, from applying to the court for further or additional protective orders, or from agreeing between themselves to modification of this order. In addition, nothing in this Order shall prevent any party from filing a Motion in Limine seeking a pretrial determination that any or all of the Confidential Documents or Confidential Materials are or are not admissible at trial.

11.

During the one year after the final judgment in this matter, the parties may remove from court filings, any Confidential Documents or Confidential Materials that they originally produced.

12.

This order is binding upon the parties hereto, their agents and employees, all counsel for the parties and their agents and employees and all persons to whom disclosure of the Confidential Documents and Confidential Materials pursuant to the terms hereof as made.

13.

The signatories of this Stipulated Protective Order have full binding authority to sign on behalf of all other counsel for plaintiffs and all other counsel for the parties they represent.

Lafayette, Louisiana this _5th_ day of _January_, 2006.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

MILDRED E. METHVIN
United States Magistrate Judge

Respectfully Submitted and Agreed:

ROY, BIVINS, JUDICE, ROBERTS & WARTELLE

_____
PHILIP E. ROBERTS (#1130)
P. O. Drawer Z
Lafayette, LA 70502
(337) 233-7430
Attorneys for **LAFAYETTE CONSOLIDATED GOVERNMENT,
KARL BABIN, COREY JACKSON**

THE GLENN ARMENTOR LAW CORPORATION

_____
J. CHRISTIAN LEWIS (#21987)
300 Stewart Street
Lafayette LA 70501
(337) 233-1471
Attorneys for **JOSEPH GARY AMOS**

Voorhies & Labbe

_____
Mary M Hamilton (#20768)
P O Box 3527
Lafayette, LA 70502
337-232-9700
Fax: 337-235-4943
Attorneys for **THE WILLOW LOUNGE LLC, DARRYL FOSTER
AND SCOTTIE JAMES ALFRED**