UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

JOSEPH GARY AMOS                          DOCKET NO. 04-0968


VS.                                        JUDGE DOHERTY

COREY JACKSON, Individually and            MAGISTRATE JUDGE METHVIN
in his capacity as police officer
KARL BABIN, Individually and in his capacity
as police officer for City of Lafayette
WILLOW LOUNGE, LLC
DARRYL FOSTER
SCOTTIE JAMES ALFRED
CONSOLIDATED GOVERNMENT OF LAFAYETTE PARISH

### RULING ON MOTIONS TO COMPEL AND
### MOTION FOR PROTECTIVE ORDER
#### (Rec. Docs. 120, 122, & 128)

Before the court are two motions to compel filed by plaintiff Joseph Gary Amos seeking

production of use of force forms and a listing of all police officers employed by defendant

Lafayette Parish Consolidated Government ("LPCG").  Also pending is a motion for protective

order filed by LPCG seeking an order prohibiting plaintiff from conducting the Rule 30(b)(6)

deposition of LPCG.  The motions are opposed.

### Background

This civil rights case involves allegations by plaintiff that on May 10, 2003, he was

wrongfully arrested and subjected to excessive force by defendant police officers Corey Jackson

and Karl Babin.[1]  Plaintiff also alleges that LPCG had policies and/or customs that led to the

---

[1]  The Complaint also alleges that after the incident, defendants Darryl Foster and Scottie James Alfred "gave malicious and false verbal and written statements to defendant Babin in formal police statements" and "falsely allege[d] no wrongdoing on the part of the officers and that Mr. Amos provoked and resisted the officers."

2

denial of his civil rights, and failed to properly train and supervise its police officers.  Plaintiff

recently filed an amended complaint, adding claims that the policies and customs of LPCG

promoted "a culture where the use of excess force and the filing of false charges against the

victims of such force is accepted practice."[2]  The amended complaint also alleges that plaintiff

was denied his due process rights to a fair trial when the city prosecutor withheld the exculpatory

statement of Shannon Sam at plaintiff's criminal trial.

### *Legal Analysis*

Rule 26(b)(1) F.R.CIV.P. provides:

> Parties may obtain discovery regarding any matter, not privileged, that is *relevant
> to the claim or defense of any party* including the existence, description, nature,
> custody, condition, and location of any books, documents, or other tangible things
> and the identity and location of persons having knowledge of any discoverable
> matter. For *good cause*, the court may order discovery of any matter relevant to
> the subject matter involved in the action. Relevant information need not be
> admissible at the trial if the discovery appears reasonably calculated to lead to the
> discovery of admissible evidence. All discovery is subject to the limitations
> imposed by Rule 26(b)(2)(i), (ii), and (iii).

### 1.   <u>Motion to Compel Use of Force Forms (Rec. Doc. 120)</u>

LPCG objected to Request for Production No. 1 contained in plaintiff's Seventh Set of

Discovery Requests to LPCG.  The request seeks copies of all "use of force forms" prepared by

police officers any time force was used in the five years prior to the incident, including Taser

guns, dogs, pepper spray, firearms, or batons.  The Request reads:

<u>Request for Production No. 1</u>  For the five (5) years preceding May 10, 2003,
please produce all documents containing information containing the use of force,

---

[2] Rec. Doc. 113.

3

and all compilations or summaries of this information.  This includes but is not limited to the use of force forms.[3]

Plaintiff contends that the information is relevant to plaintiff's claims that LPCG had a custom of failing to properly monitor, investigate and discipline its officers who used excessive force.  Plaintiff maintains that this information is readily available to LPCG, and that the information is needed by plaintiff to refute statistics calculated by LPCG.  Such forms, according to plaintiff, will also shed light on the number of times officers use force, the type of force used, and whether the suspect suffered an injury.

LPCG points out that the use of force forms cover a wide range of incidents, including the lawful use of force.  The forms are completed regardless of the amount or type of force used, and even when no complaint of excessive force has been made.

Considering the facts presented and the applicable discovery rules, the undersigned concludes that the use of force forms are not relevant to the claims or defenses of the parties.  Production of the forms will not achieve plaintiff's stated goals, specifically, they will not show, or lead to evidence which will show, that plaintiff was subjected to excessive force or that LPCG had policies or fostered a culture which encouraged the use of excessive force.  The forms will not show whether LPCG adequately monitored and trained officers or whether LPCG had a custom of failing to properly investigate and handle excessive force claims.

Moreover, plaintiff already possesses information relevant to the use of excessive force and LPCG's handling of those incidents.  Thus far in discovery, plaintiff has been provided with the investigative reports, disciplinary records, and personnel records regarding the defendants' and certain other officers' prior incidents of excessive force, documents concerning the

_____

[3] Rec. Doc. 120, Exhibit A.

4

investigation of excessive force claims, the disciplinary action taken on those claims, and documents relating to complaints by specific citizens who were the subject of excessive force.[4] Thus, any information that may be garnered from the use of force forms regarding excessive force has already been produced by LPCG.  The undersigned concludes, therefore, that the production of the use of force forms would be superfluous and unduly burdensome to LPCG in light of the previous discovery responses.

Accordingly, plaintiff's motion to compel use of force information is **DENIED**.

2.    <u>**Motion to Compel List of all Lafayette Police Officers (Rec. Doc. 128)**</u>

On February 26, 2007, plaintiff propounded the Eighth Set of Discovery Requests to LPCG, which requested:

> <u>Interrogatory  No. 1</u>  Please identify the number, names, and dates of employment of all police officers with the City of Lafayette Police Department for the period of 1999 through 2006.  If any of the officers were terminated and/or resigned due to complaints about the use of excessive force, please identify same.[5]

Plaintiff also propounded a related request for production of documents including, but not limited to, employment rosters, payroll rosters, etc."[6]  LPCG objected to the discovery requests, and plaintiff filed the instant motion to compel.

Plaintiff argues that the information regarding identification of the officers and dates of employment is relevant to plaintiff's evaluation of whether officers who were the subject of excessive complaints continued to be employed by LPCG and to "determine which officers

---

[4] Rec. Doc. 65 and 78.  Some of this information was produced pursuant to a confidentiality order.

[5] Rec. Doc. 128, Exhibit A.

[6] <u>Id</u>.

5

currently are or are not employed with the City who may have information relevant to the subject claims."[7]

LPCG argues that the requests are overly broad, unduly burdensome, and that they seek irrelevant and confidential information.  LPCG maintains that the "[t]here is no need for plaintiff to have the name of every Police Officer employed for a seven year period in order for him to accomplish the above stated purposes."[8]  LPCG maintains that plaintiff's request should have been limited to "asking for the number of officers employed at a particular time and the employment status of the particular officers in question."[9]

The undersigned concludes that the number of officers employed from 1999 through May, 2003 (the time of plaintiff's arrest)  is necessary for plaintiff's compilation of statistical information regarding excessive force complaints.  Plaintiff, however, is not entitled to discover a listing of the names and personnel information of the officers.  Plaintiff fails to show how these documents are relevant or otherwise necessary in compilation of statistics.[10]  To require production of this information would divulge private personnel information of officers who are not involved in this case or the subject of excessive force complaints.[11]  Considering the officer's

---

[7] Rec. Doc. 128.

[8] Rec. Doc. 142 at p. 3.

[9] Id.

[10]  Federal R. Civ. Proc. Rule 33(b) provides:
(1)  Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.
(2)  The answers are to be signed by the person making them, and the objections signed by the attorney making them.

[11]  In resolving disputes regarding personnel files, the court is required to balance the competing interests of the parties in a considered manner, with regard to the breadth of the federal discovery rules.  Coughlin v. Lee, 946 F.2d 1152 (5th Cir.1991).  The district court

6

privacy interest, the undersigned concludes that the production of documents evidencing their

employment is not discoverable.

To the extent that plaintiff seeks information regarding the employment status of specific

officers involved in excessive force complaints, the interrogatory is overly broad.  The

interrogatory is not limited to certain officers, but rather encompasses all officers employed by

LPCG.  The undersigned concludes, therefore, that plaintiff should have propounded an

interrogatory seeking the employment status of specific officers who were involved in excessive

force complaints.

Accordingly, it is **ORDERED** that plaintiff's motion to compel officer employment

information is **GRANTED** in part and **DENIED** in part.  LPCG shall answer Interrogatory No. 1

by producing a list of the number of officers employed for the period 1999 through May, 2003.

**3.**     **Motion for Protective Order (Rec. Doc. 122)**

On March 12, 2007, plaintiff issued a Notice of Video Trial Deposition setting the Fed.

R. Civ. Proc. Rule 30(b)(6) deposition of LPCG.  Attached to the Notice was Addendum A,

which is a list of 11 topics to be covered in the Rule 30(b)(6) deposition.[12]  On March 20, 2007,

---

should: (1) properly determine the applicability of any asserted privilege; and (2) balance the
plaintiffs' need for the files against the defendant's interest in confidentiality.  The court should
als consider the factors enumerated  in Frankenhauser v. Rizzo, 59 F.R.D. 339, 344
(E.D.Pa.1973).  The ten factors in Frankenhauser are as follows: (1) the extent to which
disclosure will thwart governmental processes by discouraging citizens from giving the
government information; (2) the impact upon persons who have given information of having
their identities disclosed; (3) the degree to which governmental self-evaluation and consequent
program improvement will be chilled by disclosure; (4) whether the information sought is factual
data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential
defendant in any criminal proceeding either pending or reasonably likely to follow from the
incident in question; (6) whether the police investigation has been completed; (7) whether any
intra-departmental disciplinary proceedings have arisen or may arise from the investigation; (8)
whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the
information sought is available through other discovery or from other sources; and (10) the
importance of the information sought to the plaintiff's case.

[12] Attachment to Rec. Doc. 122.

7

LPCG filed a motion for protective order prohibiting plaintiff from conducting the Rule 30(b)(6). On March 22, 2007, the undersigned issued an order requiring LPCG to file a supplemental memorandum regarding the privilege asserted.[13]  On March 23, 2007, LPCG filed a memorandum arguing that the information was subject to the attorney-client privilege.[14]  Plaintiff filed an opposition on April 3, 2007.[15]

The 11 topics to be covered during the Rule 30(b)(6) deposition deal with LPCG's handling of criminal prosecutions by the City of Lafayette.  Plaintiff argues that this information is relevant to plaintiff's claims that the LPCG files false charges against persons who have made excessive force complaints against officers and that the charges are dismissed if the person agrees to drop the excessive force complaint.  Additionally, plaintiff argues that some of the requested information is relevant to his claim that his right to due process was violated when a statement that was favorable to plaintiff was not produced during the criminal proceedings.

LPCG argues that the topics are covered by the attorney-client privilege because the information sought involves communications between LPCG employees and its Assistant City-Parish Attorney acting as a prosecutor.   Additionally, LPCG maintains that the deposition should not be allowed because the matters to be covered are privileged and because the Notice implicates the absolute immunity from civil liability afforded prosecutors.

The burden of demonstrating the applicability of a privilege rests on the party who invokes it.  Hodges, Grant & Kaufman v. United States, 768 F.2d 719, 721 (5th Cir. 1985).  A party invoking the attorney-client privilege must establish: (1) that there was a communication between client and counsel; (2) the communication was intended to be confidential; (3) the

_____

[13] Rec. Doc. 126.

[14] Rec. Doc. 127.

[15] Rec. Doc. 138.

8

communication was, in fact, kept confidential; and (4) the communication was made for the purpose of obtaining or providing legal advice.  United States v. Construction Prod. Research, Inc., 73 F.3d 464, 473-74 (2nd Cir.1996). The privilege protects the communications between a client and an attorney in relation to the client's seeking of legal advice. Upjohn v. United States, 449 U.S. 383, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981).

When prosecutors act in their roles as advocates, absolute immunity applies.  Burns v. Reed, 500 U.S. 478, 487-96 (1991).  "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.  Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  Absolute immunity is important as a matter of public policy because to allow suits to proceed "would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust."  Id. at 423.

A review of Addendum A to the Notice of Rule 30(b)(6) deposition shows that plaintiff seeks information regarding specific cases and the thought processes of the attorneys involved in those cases.  Paragraphs 3-6 of Addendum A relate to plaintiff's criminal prosecution:

> 3.  The identity of the person(s) who authorized Phillip Roberts to serve as City Prosecutor in the criminal prosecution of Mr. Amos.
>
> 4.  The identity of the person(s) who participated in and/or were aware of the decision beforehand to authorize Phillip Roberts to serve as City Prosecutor in the criminal prosecution of Mr. Amos.
>
> 5.  All reasons why the police statement of Shannon Sam was not produced to Mr. Amos in the criminal proceedings ...
>
> 6.  Identify and discuss the contents of all documents contained in the City Prosecutor's file concerning Mr. Amos including all documents produced by the City Prosecutor's office to Mr. Amos including those produced in response to his discovery requests in the criminal proceedings.

9

Paragraphs 7-9 also request information concerning the City Prosecutor's handling of specific cases, such as appeals taken in the past 10 years, all cases which have been dismissed in exchange for dismissal of excessive force complaints, and all occasions where the City Prosecutor's office discussed, negotiated or offered to dismiss criminal charges in exchange for the dismissal of excessive force complaints.

The undersigned concludes that the items addressed in Paragraphs 3-9 clearly deal with the thought processes of the City Prosecutor in relation to specific cases.  The City Prosecutor's handling of these cases implicates the prosecutor's absolute immunity.  As there is no viable claim against the prosecutor for the handling of these cases, the deposition regarding these matters will produce no relevant information.

Paragraphs 10 and 11 seek information regarding all conversations, correspondence, and memoranda, as well as the policies regarding, contact between the City Prosecutor and employees of the Office of Risk Management regarding potential civil claims against LPCG. Although this information may be lead to the discovery of relevant information, these requests are overly broad.  As written, the Rule 30(b)(6) deponent will be required to testify regarding conversations that he/she was not a party to, and regarding matters involving any all potential civil claims against LPCG.  The undersigned concludes that Paragraphs 10 and 11 should be limited to identify and discuss any rules, policies, or practices by which the City Prosecutor is notified by the Office of Risk Management of potential civil claims against LPCG.  This topic shall not cover specific cases, which would implicate the attorney-client privilege.

Paragraphs 1 and 2 do not involve an immunity or privilege, because these paragraphs deal with the general policies and procedures of LPCG as it relates to criminal prosecutions:

10

1.  The procedures, rules, practices and policies for determining which criminal charges are prosecuted by the City Prosecutor's office and which charges are dismissed.  The representative will be able to discuss the decision making process and identify who are the decision makers.

2.  The procedures, rules, practices and policies for determining which attorney will serve as City Prosecutor at trial and on appeals.  The representative will be able to discuss the decision making process and identify who are the decision makers in assigning the case to a particular attorney.

This information is relevant to plaintiff's claim that LPCG created a practice that allows the use of excess force and the filing of false charges against the victims.  The information is not case specific, nor does it seek information that is covered by the attorney-client privilege.

Considering the foregoing, it is **ORDERED** that LPCG's motion for protective order is **GRANTED** in part and **DENIED** in part.  The Rule 30(b)(6) deposition is limited to the information addressed in Paragraphs 1, 2, 10 and 11 (as limited and written above).

**4.      Attorney's Fees**

Plaintiff requests that the court grant attorney's fees incurred in briefing the foregoing motions.  Rule 37(a)(4) provides that when a discovery motion is granted the court shall award attorney's fees and expenses to the prevailing party unless the court finds that the opposing party's non-disclosure was substantially justified.  The undersigned finds that some of defendants' objections are justified, and therefore, an award of attorney's fees and expenses is not appropriate.

Signed at Lafayette, Louisiana, on May 8, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)