RECEIVED

JUN 0 1 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| JOSEPH GARY AMOS | DOCKET NO. 04-0968 |
| VS. | JUDGE DOHERTY |
| COREY JACKSON, Individually and in his capacity as police officer<br>KARL BABIN, Individually and in his capacity as police officer for City of Lafayette<br>WILLOW LOUNGE, LLC<br>DARRYL FOSTER<br>SCOTTIE JAMES ALFRED<br>CONSOLIDATED GOVERNMENT OF LAFAYETTE PARISH | MAGISTRATE JUDGE METHVIN |

## RULING ON MOTION FOR CLARIFICATION
*(Rec. Doc. 152)*

Before the court is a Motion for Clarification filed by plaintiff, Joseph Gary Amos, seeking an order clarifying the undersigned's September 8, 2006 ruling requiring defendant, Consolidated Government of Lafayette, to produce certain documents. Defendant filed an opposition.[1]

On May 17, 2006, plaintiff propounded a fourth set of interrogatories and requests for production of documents, seeking:

> Request for Production No. 1: Documents from the past ten years relating to finding by the defendants that excessive force was used by a police officer.
>
> Request for Production No. 2: Documents showing the discipline imposed on each officer found to have used excessive force addressed in Request No. 1.
>
> Requests for Production Nos. 3-10: Documents relating to complaints by specific named citizens who were the subject of excessive force.

---

[1] Rec. Doc. 157.

2

On September 8, 2006, the undersigned issued a Ruling stating:

**IT IS THEREFORE ORDERED** that within twenty days of this order, defendants shall provide a copy of the requested information for the five-year period prior to date of the incident in this case, i.e., May 10, 2003...[2]

In the instant motion, plaintiff asserts that defendant has refused to provide documents in response to Requests 3-10 relating to specific named citizens whose complaints were lodged outside of the five-year period. Plaintiff contends that the undersigned's ruling limiting the time frame for the required responses did not pertain to the documents concerning specific named citizens' complaints. Defendant maintains that the undersigned has, on more than one occasion, limited the discovery in this case to the five-year period prior to the date of the incident in this case, and therefore, the documents at issue were likewise subject to that time limitation.

The undersigned understands plaintiff's confusion, however, the order clearly and unequivocally limits all discovery requests at issue in the motion to a five-year period. Further, the specific issue of the time frame regarding Requests 3-10 was briefed by defendant in the opposition to the Motion to Compel. Defendant argued that the requests regarding specific complainants included complaints made more than five years prior to plaintiff's incident and some which occurred after plaintiff's incident, and that the requests should be limited to a reasonable time period. Considering the briefs of the parties, the undersigned limited all discovery requests at issue in the Motion to Compel to the five-year period prior to plaintiff's incident. Moreover, the district judge, upon appeal of the undersigned's ruling, likewise limited all discovery requests at issue to the five-year period. Thus, defendant was required only to

---

[2] The order required production to the court for an *in camera* inspection, subsequently, however, defense counsel agreed to produce the documents subject to a confidentiality order.

Emb: T:\Mimi-CGG\040968.Amos.Ruling.Mt.Cmp.Doc152..wpd5/30/07

3

produce the requested information, including responses to Requests 3-10, for the five-year period prior to date of the incident in this case, i.e., May 10, 2003.

Accordingly,

**IT IS ORDERED** that the Motion for Clarification is **GRANTED** to the extent that undersigned clarifies that the September 8, 2006 ruling, which limited the discovery requests to the five-year period prior to plaintiff's incident, included Requests 3-10 concerning documents relating to complaints by specific named citizens.

**IT IS FURTHER ORDERED** that relief requested by plaintiff, i.e., that defendant be required to produce responses to Requests 3-10 regardless of the timing of the complaints is **DENIED**.

Signed at Lafayette, Louisiana on June 1, 2007.

COPY SENT:
DATE: 6/1/07
BY: CW
TO: hrem

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)