RECEIVED

DEC - 2 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

JOSEPH GARY AMOS

VERSUS

COREY JACKSON, ET AL

CIVIL ACTION NUMBER: 04-0968

JUDGE DOHERTY

MAGISTRATE JUDGE METHVIN

## ORDER OF THE COURT[1]

On October 24, 2007, oral argument was heard on plaintiff's "Second Motion to Annul

and/or Modify Confidentiality Order." [Rec. Doc. 189]  At the close of oral argument, and for the

reasons stated fully on the record and below, the Court ruled in part, as follows:

- Good cause exists to revisit the "Second Stipulated Confidentiality Order"[2] [Rec. Doc. 107], signed by the Magistrate Judge and entered into the record on January 5, 2007.

- In order to fully rule on the now pending motion and in order to determine the appropriate scope of relief, if any (i.e. whether the confidentiality order should be annulled in its entirety or merely modified), the Court again ordered the parties to comply with its previous ruling [Rec. Doc. 83], issued in response to defendants' appeal of the Magistrate Judge's ruling on plaintiff's motion to compel, addressing the request for a confidentiality order.  The pertinent portion of that ruling reads as follows:

    The Court finds the Magistrate's ruling was not clearly erroneous or contrary to law.  However, *the Court modifies the Magistrate's ruling to the following extent*: **The Lafayette Consolidated Government is to identify all files requested for a five year period prior to the date of the incident.  Any documents within the files defendants claim are privileged or subject to protection as trial preparation material may be withheld, but defendants are to identify the withheld documents in a privilege log which conforms with Federal Rule of**

---

[1]Counsel for defendants, the Willow Lounge, LLC, Darryl Foster and Scottie Alfred, was granted permission not to appear at oral argument, as this motion has no applicability to her clients.  As such, when the Court references "defendants" in this Order, it is referencing only the Lafayette Parish Consolidated Government ("LPCG"), Officer Corey Jackson and Officer Karl Babin.

[2] The title of this document appears to be in error; a review of the docket sheet reveals this is actually the first confidentiality order entered into the record in this matter.

**Civil Procedure 26(b)(5).  In addition to the requirements set forth in Rule 26(b)(5), defendants are to provide the Magistrate with an analysis of the ten** Frankenhauser **factors with respect to each document identified in the privilege log.**  *Thereafter, plaintiff may request an in camera review and determination of discoverability of any documents he maintains are discoverable. The Magistrate's ruling, including the confidentiality order, is* **UPHELD,** subject to the modifications noted above. (emphasis added)[3]

At oral argument on October 24, 2007, the Court imposed the following additional

modifications and deadlines for compliance:

- Defendants are to create a privilege log identifying which documents defendant feels should be subject to a reasoned, rather than an agreed to order of confidentiality, which includes an analysis of all applicable law, including if applicable, the Frankenhauser factors, within forty-five days.

- Within fifteen days of receipt of the privilege log, plaintiff is to file a responsive document stating whether he agrees or disagrees with defendants' legal argument and factual position as to each document identified in the privilege log.

- Within ten days of receipt of plaintiff's responsive document, the parties are to jointly meet, *in person*, in an attempt to reach an agreement as to the confidentiality of the disputed documents.

- Within fifteen days of that meeting, defendants are to submit a listing of the outstanding disputed documents to the Court, along with the privilege log for those documents, their analysis under all applicable law including the Frankenhauser factors if applicable, and citations to any relevant authority (statutory or jurisprudential) in support of their position regarding the confidentiality of each of those documents.

## PROCEDURAL HISTORY

Due to the unique procedural history of this case and in an effort to provide clarification to

defense counsel, the Court is of the opinion the following procedural history bears repeating:

- Plaintiff filed his first motion to compel against the City of Lafayette and Officers Jackson and Babin on April 5, 2006. [Rec. Doc. 56] (The motion requested, in part, various personnel files.)

---

[3] Defendants did not sufficiently comply with the modifications and no confidentiality order was issued by the Court.  However, thereafter, the parties chose to compromise their discovery dispute, and created a *stipulated confidentiality agreement* which was later submitted by agreement to the Magistrate Judge and signed by the Magistrate Judge.

- On June 16, 2006, the Magistrate Judge issued a ruling on the motion to compel. [Rec. Doc. 65]  Although that ruling addressed Coughlin v. Lee, 946 F.2d 1152 (5th Cir. 1991) and Frankenhauser v. Rizzo, 59 F.R.D. 339 (E.D. Pa. 1973), rather than conduct an *in camera* review or have the parties create a privilege log and/or address the Frankenhauser factors, the Magistrate's ruling merely ordered production of discovery, *subject to a confidentiality order to be jointly drafted by the parties.  **Thus, no reasoned opinion was rendered.**[4]

- Four days later, *defendants appealed that ruling* to this Court. [Rec. Doc. 66]  **Thus, the documents were not produced, *nor was a confidentiality order entered*.**

- On July 27, 2006, plaintiff filed a second motion to compel. [Rec. Doc. 71] (This motion addressed a broader range of personnel files.)[5]

- On September 8, 2006, the Magistrate Judge issued a ruling on the second motion to compel. In that ruling, the Magistrate Judge ordered an *in camera* review of the documents, but made no mention of a confidentiality order, whereas her previous ruling ordered the blanket production of the documents and submission of a confidentiality order drafted by the parties. **The Magistrate Judge's ruling indicates at footnote 8 that the procedure employed for her second ruling differed from the first (i.e. blanket production subject to a confidentiality order versus *in camera* review without a confidentiality order), because "the district court has indicated that an *in camera* review is in order."** [Rec. Doc. 78]

- On October 25, 2006, this Court issued its ruling on defendant's appeal.  Defendants appealed the Magistrate Judge's ruling of June 16, 2006, arguing (in part and as relevant here) that although the Magistrate Judge correctly recognized Coughlin v. Lee, 946 F.2d 1152 (5th Circuit 1991) as controlling authority on the issue of discoverability of certain personnel files, the Magistrate Judge failed to comply with Coughlin by not reviewing the disputed documents prior to ruling they were discoverable.  To repeat, on appeal, this Court ruled as follows:

    The Court finds the Magistrate's ruling was not clearly erroneous or contrary to law.  However, ***the Court modifies the Magistrate's ruling to the following extent*: The Lafayette Consolidated Government is to identify all files requested for a five year period prior to the date of the incident.  Any documents within the files defendants claim are privileged or subject to protection as trial preparation material may be withheld, but defendants are to identify the withheld documents in a privilege log which conforms with Federal Rule of Civil Procedure 26(b)(5).  In addition to the requirements set forth in Rule 26(b)(5), defendants are to provide the Magistrate with an**

---

[4] See Ford v. City of Huntsville, 242 F.3d 235 (5th Cir. 1001).

[5] Defendants objected to some of the June 8, 2005 discovery propounded by the plaintiffs. Plaintiffs propounded additional discovery on May 17, 2006 covering a broader request for documents, which was also objected to by defendants.

**analysis of the ten <u>Frankenhauser</u> factors with respect to each document identified in the privilege log. *Thereafter, plaintiff may request an in camera review and determination of discoverability of any documents he maintains are discoverable. The Magistrate's ruling, including the confidentiality order, is UPHELD, <u>subject to the modifications noted above</u>.* (emphasis added)**

The Lafayette Parish Consolidated Government however, again did not sufficiently comply with the

Court's ruling, thus prompting a telephone status conference among all parties and this Court,

resulting in the following:

- On December 11, 2006, the Court issued a Minute Entry setting a hearing in open court, which stated the following: "Counsel for the Lafayette Parish Consolidated Government and City/Parish President Joey Durel are ORDERED to attend the hearing, as the Court intends to discuss the imposition of sanctions against the City for failure to comply with its previous Order unless this discovery dispute is resolved prior to the hearing and written notice signed by both parties is submitted to the Court prior to the hearing." [Rec. Doc. 100]

- On December 12, 2006, the Court issued a Minute Entry following a telephone conference, *memorializing the parties' compromise and agreement* to produce the disputed discovery subject to the compromise and a *stipulated confidentiality agreement* with purported reservation of certain rights by plaintiff to revisit the limitations of the compromise confidentiality agreement and thus a subsequent order based upon that agreement.[6] [Rec. Doc. 107]

- Thereafter, certain productions were made however, ultimately, the claims made by plaintiff against the Lafayette Parish Consolidated Government, Officer Corey Jackson and Officer Karl Babin were settled, again with a purported reservation of rights by plaintiff to revisit the limitations of the compromise confidentiality agreement.

- A "Second Motion to Annul and/or Modify the Confidentiality Order" [Rec. Doc. 189] was filed and a telephone conference was held July 30, 2007 to discuss the motion, as well as the outstanding claims against other defendants not pertinent to this issue.

- On August 11, 2007, after reviewing the substance of the motion, the Court issued the following order which stated in pertinent part:

---

[6]As stated at oral argument, plaintiff declared he agreed to the confidentiality agreement and subsequent order, in part, to put an end to "the interminable delays surrounding the production of responsive documents." [See also Rec. Doc. 112] Also noted at oral argument, at every opportunity (including within the confidentiality agreement and order itself as well as the settlement agreement) plaintiff carved out the right to petition the Court for relief from the confidentiality agreement and subsequent order after a substantive review.

-4-

Currently pending in this matter is plaintiff's "Second Motion to Annual and/or Modify Confidentiality Order" [Sealed Doc. 189]. Because this motion is related to, and could have a direct bearing upon issues involved in the matter entitled <u>Mesa v. Lafayette Parish Consolidated Government</u>, U.S.D.C., W.D.L.A., Civil Action No. 06-435, and this Court recuses itself from all matters involving counsel for plaintiff in the <u>Mesa</u> matter (James E. Diaz, Sr.), this Court hereby TRANSFERS the <u>instant motion only</u> [Doc. 189] to Chief Judge Richard T. Haik to be reassigned to the appropriate judicial officer. With the exception of the above referenced motion [Sealed Doc. 189], the remainder of this case shall remain before this Court.

- Chief Judge Haik set the motion, to be heard before him, for August 27, 2007. [Rec. Doc. 203]

- On August 27, 2007, Chief Judge Haik transferred the motion back to Judge Doherty. [Rec. Doc. 209]   Two days later, Judge Haik issued an order [Rec. Doc. 210] stating in pertinent part,

    After hearing oral argument on the Motion, the Court notes that the issues raised by the Motion are not related to the <u>Mesa</u> case pending before Judge Haik. For this reason, the Motion is hereby TRANSFERRED to Judge Doherty.

- On September 19, 2007, this Court issued a minute entry resetting the motion for oral argument on October 24, 2007. [Rec. Doc. 211]

- Also on September 19, 2007, this Court issued a minute entry stating in pertinent part,

    The parties are hereby advised the Court is extending the Sixty Day Order of Dismissal [issued July 26, 2007] to one hundred twenty days from issuance of that Order so that the Motion for Partial Dismissal filed by plaintiff can be amended to indicate whether it is with or without prejudice and additionally, so the Court can address the pending "Second Motion to Annual and/or Modify Confidentiality Order" prior to dismissal.

- On October 24, 2007, oral argument was heard on the "Second Motion to Annul."

## ORAL ARGUMENT

Upon reflection of the arguments made at oral argument, it seems defendants were equating the *confidentiality agreement* and subsequent order signed by Magistrate Methvin on January 5, 2007 **as a result of the compromise entered into by the parties to settle the discovery dispute,** with a *reasoned confidentiality or protective order based upon a substantive review* and *after proper*

*consideration of all legal substantive issues*, pursuant to FED. R. CIV. P. 26(c). No such reasoned order was issued in this matter.[7]

Prior to issuing a *protective order* under Rule 26(c), **the Court must find the movant has demonstrated "good cause" for the protection requested.** When such "good cause" is a compromise agreement and joint request of the parties, an order can issue, however, such order is predicated upon the contractual agreement memorializing the settlement of the dispute, not upon the required reasoned substantive analysis by the Court and has limited application beyond the parties who are signatories.[8] A reasoned, substantive review, however, if not dependant upon any compromise or agreement of the parties and can grant protection beyond the parties themselves, but necessarily involves a detailed examination of the underlying documents, stated reasons for the request to protect the document as to each document, and an exploration of the policy issues at hand,[9] in order to determine whether "good cause" for the protective order exists. In this matter **no such substantive examination took place, notwithstanding this Court's modification of the Magistrate's ruling of June 16, 2006 ordering that substantive inquiry and examination be conducted.** Rather, *the parties **instead** chose to settle and compromise their discovery dispute and submit a **stipulated** confidentiality agreement, to form the **basis for**, the requested order*. The order was signed and entered by the Magistrate Judge on January 5, 2007 and predicated upon the parties' compromise **rather than a reasoned substantive analysis.** Thus, the terms of that compromise will govern as the Court was given no opportunity to conduct the requisite substantive analysis to

---

[7] See Ford v. Huntsville, 242 F.3d 235 (5th Cir. 2001).

[8] Ford v. City of Huntsville, 242 F.3d 235 (5th Cir. 2001); Holland v. Autonomous, Inc., 2001 WL 930879 (E.D. La.); Blanchard & Co., Inc. v. Barrick Gold Corp., 2004 WL 7377485 (E.D. La.).

[9] Id.

determine whether or not "good cause" exists, beyond the mere agreement of the parties.  The agreement of the parties purported to contain reservations by plaintiff to allow a substantive review of all of the disputed documents by the Court.  Ford, *supra* (in entering a confidentiality order protecting a public entity, the district court should consider the effect of the order on state freedom of information laws; where it is likely information is accessible under a relevant freedom of information law, a strong presumption exists against granting or maintaining an order of confidentiality whose scope would prevent disclosure of bad information pursuant to the relevant freedom of information of law).  See also Holland, *supra*;  Blanchard & Co., *supra*.  Thus, notwithstanding this Court's clear modification of the Magistrate's Ruling, ordering a substantive inquiry and review - no such inquiry and review has been made to date.

To summarize, at the close of oral argument the Court determined for the reasons more fully noted on the record:  plaintiff had reserved his right to pursue relief from the "confidentiality order;" the "confidentiality order" was predicated upon a compromise and written agreement entered into by counsel and included express language reserving to plaintiff the right to pursue such relief; such reservation of right language was echoed in the settlement document; and the requisite substantive review required by Rule 26(c) and Fifth Circuit jurisprudence for issuance of a confidentiality or protective *order* has never been conducted.[10]  However, *the scope and nature of any relief* from that order as requested by plaintiff could not be determined at that hearing as defendants *again*, were not prepared to identify which of the requested documents they believe should be protected as confidential and why (as has been ordered by this Court one year earlier).  Rather, defendants were prepared to argue only that the confidentiality agreement and subsequent order should preclude

---

[10] Ford v. City of Huntsville, 242 F.3d 235 (5th Cir. 2001); Holland v. Autonomous, Inc., 2001 WL 930879 (E.D. La.); Blanchard & Co., Inc. v. Barrick Gold Corp., 2004 WL 7377485 (E.D. La.).

plaintiff's request *in its entirety*, and to assert an *in globo* objection to disclosure *of any document produced*, arguing *all* documents previously produced are confidential *by their very nature.*

Thus, this Court again, could not rule on plaintiff's requested relief.  Due to the potentially sensitive nature of some or all of the produced documents - and in light of existing jurisprudence[11], rather than annul the "confidentiality order" in its entirety and thus, allow dissemination of all documents, the Court declined to rule at oral argument on the scope of plaintiff's relief.  Instead, the Court AGAIN, ORDERED the defendants to fully present their position as to each document and for plaintiff to respond.  The Court will issue a final ruling on plaintiff's motion to annul after compliance with the above directives and a full substantive review.

Due to the foregoing, defendants are, again, ORDERED to engage in the requisite review of the documents necessary for a full, reasoned, substantive review which must be conducted to support a protective order issued pursuant to Rule 26(c).[12]  The Court will issue its final ruling following compliance with the above order of the Court.

THUS DONE AND SIGNED this ____2____ day of ___December___, 2007.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[11] Ford v. City of Huntsville, 242 F.3d 235 (5th Cir. 2001); Holland v. Autonomous, Inc., 2001 WL 930879 (E.D. La.); Blanchard & Co., Inc. v. Barrick Gold Corp., 2004 WL 7377485 (E.D. La.).

[12] Ford v. City of Huntsville, 242 F.3d 235 (5th Cir. 2001); Holland v. Autonomous, Inc., 2001 WL 930879 (E.D. La.); Blanchard & Co., Inc. v. Barrick Gold Corp., 2004 WL 7377485 (E.D. La.).